United States District Court
District of Massachusetts

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| VICENTE PEREZ-ACEVEDO,               | ) |                          |
|     Debtor-Appellant,                | ) |                          |
|     v.                               | ) | Bankruptcy Appeal No.    |
|                                      | ) | 17-10937-NMG             |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) |                        |
|     Creditor-Appellee.               | ) |                          |

**MEMORANDUM & ORDER**

**GORTON, J.**

This bankruptcy appeal emanates from the alleged repayment of student loans by the debtor-appellant, Vicente Perez-Acevedo ("Perez-Acevedo" or "appellant"). Those loans were incurred by Perez-Acevedo, beginning in 1993, to pursue his college education. At the time of the filing of the adversary proceeding in bankruptcy court, appellant states that he owed $3,978 in student loans to the Department of Education ("the DOE").

I. <u>Background and Procedural History</u>

On October 10, 2012, appellant filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code. The plan was confirmed in November, 2012 and that plan was modified by order after confirmation. The Chapter 13 Trustee's final report

and account was submitted in July, 2016.  On May 14, 2017, appellant filed a motion to set aside discharge, revoke confirmation and modify his previously filed 36-month Chapter 13 plan, or, in the alternative, to set aside his discharge and allow him to convert to a Chapter 11 proceeding.  The Bankruptcy Court denied that motion on May 18, 2017 and appellant timely filed the appeal in this Court.

Prior to his filing of the motion to set aside his discharge, Perez-Acevedo contends that he received several telephone calls and dunning letters from collection agencies attempting to collect on behalf of the DOE.  Appellant surmises that the DOE assigned claims against him to collection agencies for incorrect amounts.  He asserts that the agencies have refused to provide original documentation or account numbers for the student loans in question.

In May, 2017, appellant filed in the Bankruptcy Court an emergency motion to reinstate the stay after discharge to address 11 U.S.C. § 524 violations.  That motion was denied without prejudice to the filing of a motion for contempt for violating the discharge injunction.  Appellant claims that he is unable to file such a motion because he cannot separate the particular entity that is violating the injunction from the several agencies that have attempted to collect the loans.

Appellant filed a motion for a stay in this Court in May, 2017, seeking to preclude any collection efforts during the pendency of this appeal. This Court denied that motion in July, 2017, because appellant is entitled to pursue in the Bankruptcy Court a motion for contempt for any violation of his discharge.

## II. Analysis

United States district courts have jurisdiction to hear appeals from final orders of bankruptcy courts. See 28 U.S.C. § 158. In reviewing an appeal from an order of a bankruptcy court, a district court reviews de novo conclusions of law but must accept the bankruptcy judge's findings of fact unless they are clearly erroneous. TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995).

Appellant avers that the Bankruptcy Court abused its discretion when it denied appellant's motion to vacate his discharge. He contends that the Bankruptcy Court committed reversible error when it refused his request to set aside his discharge and to revoke his Chapter 13 plan confirmation in order to allow him to modify such a plan or, in the alternative, to revoke his discharge in order to be allowed to convert his bankruptcy to a Chapter 11 proceeding.

### A. Vacating the Confirmation Order Pursuant to Fed. R. Civ. P. 60(b)

First, Perez-Acevedo contends that he is entitled to have the confirmation set aside under Fed. R. Civ. P. 60(b) as made applicable to the Bankruptcy Code through Fed. R. Bankr. P. 9024. Fed. R. Civ. P. 60(b) provides, in relevant part, that a court may relieve a party from a final judgment for any of six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence; . . .

(3) fraud[,] misrepresentation, or misconduct

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharge . . . [or]

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A bankruptcy court should dispense the broad equitable powers under Fed. R. Civ. P. 60(b)

> only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.

See e.g., Cohen v. Abramowitz, 549 B.R. 316, 325-26 (W.D. Penn. 2016) (quoting Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014)).

Appellant here has not demonstrated that the Bankruptcy Court erred in denying his motion to vacate the discharge order pursuant to Rule 60(b). He contends that

> he had [only] recently found of the [sic] mistakes and
> errors and potential fraud committed by the mentioned
> agencies acting on behalf of the [DOE].

Appellant's statement that there was "potential fraud" does not warrant the extraordinary relief of Fed. R. Civ. P. 60(b). See Lardas v. Grcic, 847 F.3d 561, 571 (7th Cir. 2017) (affirming the denial of Rule 60(b) motion and stating that relief under Rule 60(b) is "an extraordinary remedy for exceptional situations").  Perez-Acevedo has made no such showing here, particularly where the Bankruptcy Court and this Court have directed him, on multiple occasions, to file a motion for contempt for any violation of his discharge.

Furthermore, Rule 60 requires a party to move for relief under that Rule "within a reasonable time". Fed. R. Civ. P. 60(c).  The text of the rule explicitly requires that the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding" if the movant is seeking relief for one of the first three enumerated reasons in the Rule, including fraud. Fed R. Civ. P. 60(c); see also Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 300-01 (4th Cir. 2017) (affirming the bankruptcy court's decision that a Rule 60(b) motion was not timely).  Accordingly, appellant's request for relief under Rule 60 is properly denied as untimely.

Appellant's motion to vacate also invokes 11 U.S.C. § 1330 which allows the Bankruptcy Court to revoke an order of confirmation entered pursuant to § 1325 where it was procured by fraud, provided the party in interest makes that request "within 180 days" after the entry of the order. As explained above, appellant has not made a requisite showing of fraud. Even if he could demonstrate that the DOE had procured the confirmation order by fraud, however, he is not entitled to relief under this section because he did not move to vacate the order within the statutory period.

**B.  Converting Case to Chapter 11 Proceeding**

Perez-Acevedo contends that 11 U.S.C. § 706 confers on him an absolute right to convert a case to Chapter 11 "at any time" provided that it has not been converted under sections 1112, 1208 or 1307. Appellant cites no authority for the proposition that the terms of § 706 apply after the confirmation of a plan. He appears to assert this alternative ground to circumvent the terms of 11 U.S.C. § 1329, which clarifies a debtor's right to make modifications after the confirmation of the plan. That provision expressly limits the right to modify, however, to the period "before the completion of payments under such plan". 11 U.S.C. § 1329(a). Accordingly, the Bankruptcy Court was correct in its decision to prevent appellant from circumventing the

stricture of § 1329(a) by converting the case to Chapter 11 after confirmation.

**ORDER**

In accordance with the foregoing, the orders of the Bankruptcy Court are **AFFIRMED** and the bankruptcy appeal (Docket No. 1) is **DISMISSED**.

**So ordered.**

    /s/ Nathaniel M. Gorton\_\_\_\_\_
    Nathaniel M. Gorton
    United States District Judge

Dated March 30, 2018